IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
2022-CV-

Theodore Justice,

    Plaintiff,

v.

General Motors LLC, Defendant

    Defendant.

Case: 4:22-cv-12239
Judge: Kumar, Shalina D.
MJ: Ivy, Curtis
Filed: 09-22-2022
CMP JUSTICE VS GENERAL MOTORS LLC (DP)

**COMPLAINT**

Plaintiff, Theodore Justice, Pro Se', brings the following complaint against General Motors LLC, and alleges, on his own behalf and on behalf of all those similarly situated, as follows:

## INTRODUCTION

1. Plaintiff, Theodore Justice ("Plaintiff" or "Mr. Justice") brings this lawsuit on his own behalf and on behalf of a proposed class of past and present United States owners and lessees of defective 2017-2021 GMC Silverado or Sierra vehicles (the "Class Vehicles") designed, manufactured, marketed, distributed, sold, warranted, and serviced by General Motors LLC ("GM" or "Defendant").

2. The Class Vehicle contain several defects whereby the vehicles fail to correct below at described paragraphs 9,191, 12,13,14 and 15

3. Plaintiff has given GM a reasonable opportunity to cure defects but GM has been unable to do so within a reasonable period of time.

4. GM's conduct is in breach of contract, in breach of express and implied warranties, and in breach of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., Public Law ,North Carolina General Statutes § 20-305.1et seq, GM has and will continue to benefit from its unlawful conduct – by selling and leasing more vehicles, at a higher price, and avoiding warranty obligations – while consumers are harmed at the point of sale as their vehicles suffer from the defects which GM cannot fix. Had Plaintiff and other proposed class members known about the defect at the time of purchase or lease, they would not have bought or leased the Class Vehicles, or would have paid substantially less for them.

5. To remedy GM's unlawful conduct, Plaintiff, on behalf of proposed class members, seeks damages and restitution from GM, as well as notification to class members about the defects.

6. Theodore Justice is suing Defendant for breach of warranty and knowingly producing and selling inferior vehicles that it knew it had defects and refusing to work on the vehicle. State and Federal Statue ought to protect consumers from such products that are found to be unsafe; however the defendant and its car dealerships are partners. Many of these vehicles are unsafe and a hazard to operate on public roads, as well as decrease in value. The defendant's customer service is, very poor conceivably due to hiring the wrong people, lack of training, employee burnout, misunderstanding customer expectations, no oversight, prejudice and/or lack of employee engagement.

7. The defendant and its car dealerships are partners. The defendant is not equipped to sell and distribute their vehicles to the masses and such the dealership partners with the defendant regarding sales services the vehicle under the supervision of the defendant manufacturers' warranties, also known as factory warranties and new vehicle warranties

protect car owners against mechanical and workmanship defects. This coverage expires once you reach the mileage or age limit specified by the manufacturer. Basically, it's the car maker's guarantee that you won't have to worry about any major problems after buying a new car — for a certain amount of time.

## WARRANTY

8. Chevrolet includes with its entire new vehicle a manufacture warranty. Manufacturers' warranties are included in the price of new vehicles.

9. Manufacturers' warranties, also known as factory warranties and new vehicle limited warranties protect car owners against mechanical and workmanship defects. This coverage expires once you reach the mileage or age limit specified by the manufacturer. Basically, it's the car maker's guarantee that you won't have to worry about any major problems after buying a new car — for a certain amount of time. <u>Manufacturers' warranties are included in the price of new cars</u>.

10. The factory warranty included:

- **Bumper-to-bumper warranty:** Sometimes called "new vehicle limited warranties," these <u>cover most parts and systems in your car</u> but not all. Routine maintenance and any issues caused by wear and tear are not covered. The length of your warranty depends on your vehicle, but most last three years or 36,000 miles.

- **Powertrain limited warranty:** A <u>powertrain warranty</u> covers your vehicle's engine, <u>transmission</u>, drive shaft, differential(s) and other parts of the <u>drivetrain</u> (parts

that deliver power to the wheels). Powertrain limited warranties generally last for either five years or 60,000 miles.

- **Lifetime limited parts warranty:** A limited parts warranty guarantees that a manufacturer will cover repairs or replacements for specific parts over the lifetime of the vehicle. Qualifying parts are determined by the manufacturer. This type of warranty does not cover normal wear and tear.

- **Emissions warranty:** Automakers are legally required to offer emissions coverage for at least two years or 24,000 miles. Some parts must be covered for up to eight years or 80,000 miles. The manufacturer will take care of the needed repairs if the car fails an emissions inspection, provided certain other conditions are met.

- **Corrosion warranty:** This type of warranty covers the car's sheet metal and body panels in case there is corrosion or rust damage.

11. When I attempted to contact this employee supervisor via Better Business Bureau complaint the <u>car dealership with obvious hostility and total disregard</u> as can be seen by its response. The defendant falsely accused plaintiff consumer and is not supported by the facts. The defendant misdirected the request to speak with a supervisor claiming plaintiff was an aggressor and banned plaintiff wrongfully from the premises. The defendant responses to the BBB complaint did not reply with any to the complaint as to advise who the belligerent supervisor employee is. The responses were very negative, hostile and false. Plaintiff never said anything disrespectful to any employee at any time; and during discovery plaintiff will request documentation, depose witnessed and conduct interrogatories.

5

12. Plaintiff returned the vehicle for repairs the car dealership on average of 2 the three times a week and visited the car dealership approximately 65 to 90 times since January 2021 regarding the multitude of issues. Plaintiff has spoken with the technicians, customer service, salesman and customers we laughed talked and some even shared their children's pictures and their vehicles.

## COMPLAINT

13. The defendant has failed or refused to honor its factory warranty as described (The issues include); below complaint the vehicle purchased new January 2021 five miles on the odometer with unknown multiple issues.

### The issues include:

1. Backup camera grid lines dim can barely see not like before computer was replaced
2. Backup grid will not display unless button engaged
3. OnStar Turn-by-Turn Navigation directions center screen locks, press button to dismiss button not working. It will not return to MPH even after reached designation. Must turn off vehicle
4. Ventilated Seats not blowing through passenger or drivers side blows through seat but through back only
5. Heated seats heating intermittently the seat heats back only
6. Back up camera will not adjust to two times magnification at tongue/trailer ball
7. Transmission jerking into gear from park intermittently

6

8. Trailer lights flashing when vehicle is off

9. Lane Assist error message not available

10. Lane Keep Assist not working

11. Pedestrian Ahead Indicator will not remain activated

12. Alternator intermittently not charging 14.8 then to 13.1 battery went dead twice

13. Slipping from 1st to 2nd gear intermittently

14. Clunk and harshly engaging upshifting down shifting at round 10 to 20 mph intermittently

15. INNER FENDER LINER becoming detached possible factory defect.

16. Phillip Head Short Screw from last inspection. Found drivers side front cup holder possibly left out from the INNER FENDER LINER

17. Inside passenger moldings scratched

18. Gas tank door broken

19. Passenger front tire pin hole

20. Trailer hitch module

21. ENGINE CONTROL MODULE

22. Dent Passenger side front fender

23. Sirius XM would not receive signal or update

24. Key Fob inside truck lock outs

25. Front End Wheel Alignment x 2

## DEFENDANT FACTORY WARRANTY OBLIGATION

14. Defendant controls execution of all warranty repairs by its dealers, as it provides training, materials, special tools, diagnostic software, and replacement parts to its dealers, and demands that the warranty repairs be performed in a strict accordance with its repair guidelines, Technical Service Bulletins, and other instructions.

15. In return, defendant pays its authorized dealerships a monetary compensation for such warranty repairs.

16. Therefore, defendant's authorized dealers are its agents for purpose of vehicle repairs, and knowledge of a defect reported to any such dealer can be imputed to defendant.

17. Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq, Public Law ,North Carolina General Statutes § 20-305.1et seq all automobile dealers are obligated and may not refuse to repair vehicles under manufacturer warranty.

18. The defendant refused to repair or replace the vehicle and made false or misleading statements to make it appear that I was violent and/or aggressive so as to not perform the warranty work on my vehicle.

19. The law requires the defendant to make a final repair attempt but what is if the defendant refuses to make the final repair attempt?

## II. JURISDICTION AND VENUE

20. This action is properly before this Court and this Court has subject matter jurisdiction over this action under the Class Action Fairness Act. At least one member of the proposed class is a citizen of a different state than GM, the number of proposed class members exceeds 100, and the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interests and costs. 28 U.S.C. § 1332(d)(2)(A).

21. In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over the state law claims as well as the Magnuson-Moss Warranty Act claims, because all of the claims are derived from a common nucleus of operative facts and are such that Plaintiffs would ordinarily expect to try them in one judicial proceeding.

22. This Court has personal jurisdiction over Defendant because its principal place of business is in the State of Michigan; it has consented to jurisdiction by registering to conduct business in the state; maintains sufficient minimum contacts in Michigan; and otherwise intentionally avails itself of the markets within Michigan through promotion, sale, marketing and distribution of its vehicles, which renders the exercise of jurisdiction by this Court proper and necessary as GM is "at home" in Michigan.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)-(c). A substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiffs may properly sue GM in this District, the state of GM's principal place of business.

24. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff presents a claim under the federal Magnuson Moss Warranty Act, 15 U.S.C. § 2301, et seq. As to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

III. <u>PARTIES</u>

25. Plaintiff Theodore Justice resides in North Carolina for about 48 years an adult and a citizen of North Carolina

26. Defendant General Motors LLC is a Delaware limited liability company with its principal place of business located at 300 Renaissance Center, Detroit, Michigan. General Motors LLC is registered to do business in the State of Delaware. The sole member and owner of General Motors LLC is General Motors Holdings LLC.

27. General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in the State of Michigan. General Motors Holdings LLC's only member is General Motor Company, a Delaware corporation with its principal place of business in the State of Michigan. General Motors Company has 100% ownership interest in General Motors Holdings LLC. General Motor Company also owns ACDelco, a company which makes parts for GM vehicles to be used when the vehicles are manufactured and also to be sold to the public when those parts require repair.

28. General Motors LLC, through its various entities, designs, manufactures, markets, distributes, services, repairs, sells, and leases passenger vehicles, including the Class Vehicles, nationwide and in Delaware. General Motors LLC is the warrantor and distributor of the Class Vehicles in the United States.

29. At all relevant times, Defendant was and is engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and motor vehicle components in Delaware and throughout the United States of America.

30. In order to sell vehicles to the general public, GM enters into agreements with dealerships who are then authorized to sell GM-branded vehicles such as the Class Vehicles to consumers such as Plaintiffs. In return for the exclusive right to sell new GM-branded vehicles in a geographic area, authorized dealerships are also permitted to service and repair these vehicles under the warranties GM provides directly to consumers. These contracts give GM a significant amount of control over the actions of the dealerships, including sales and marketing of vehicles and parts for those vehicles. All service and repair at an authorized dealership are also completed according to GM's explicit instructions, issued through service manuals, technical service bulletins ("TSBs"), preliminary information bulletins ("PIs"), information service bulletins, and other documents, often only referred to by a "Document ID." Per the agreements between GM and the authorized dealers, consumers such as Plaintiffs can receive services under GM's issued warranties at dealer locations that are convenient to them.

31. GM also develops and disseminates the owners' manual, warranty booklets, maintenance schedules, advertisements, and other promotional materials relating to the Class Vehicles. GM is also responsible for the production and content of the information on the Monroney Stickers.

32. GM is the drafter of the warranties it provides to consumers nationwide, the terms of which unreasonably favor GM. Consumers are not given a meaningful choice in the terms of the warranties provided by GM, and those warranties are offered on a "take it or leave it" basis.

## CLASS ACTION ALLEGATIONS

A. <u>The Class</u>

34. Plaintiff brings this case as a class action on behalf of himself and a class of North Carolina residents pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).

<u>North Carolina Class:</u> All persons or entities in North Carolina who bought or leased a 2017-2022 Silverado or Sierra (the "North Carolina Class" or the "Class").

35. Defendant and its employees or agents are excluded from the Class.

B. <u>Numerosity</u>

36. Upon information and belief, the North Carolina Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that tens of thousands of Class Vehicles have been sold and leased in North Carolina and throughout the United States.

C. <u>Common Questions of Law and Fact</u>

37. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

a. Whether the Class Vehicles were sold with a defective transmission;

b. Whether the Class Vehicles were sold with its many defects;

c. Whether the Class Vehicles were sold with defects;

d. Whether Defendant knew about the above-described defect but failed to disclose the problem and its consequences to its customers;

e. Whether Defendant breached its contract when it failed to repair the defect with the transmission gear shifter;

f. Whether Defendant breached express warranties and MMWA when it failed to repair the defect with the transmission gear shifter;

g. Whether Defendant breached implied warranties and MMWA when it sold vehicles that contain defect with its transmission gear shifter;

h. Whether Defendant is liable for damages, and the amount of such damages;

i. Whether Defendant should be required to disclose the existence of the defect; and

j. Whether Plaintiff are entitled to equitable relief including injunctive relief.

### D. Typicality

38. The Plaintiff's claims are typical of the claims of the Class since Plaintiff purchased a defective Class Vehicle, as did each member of the Class. Furthermore, Plaintiff and all members of the Class sustained economic injuries arising out of Defendant's wrongful conduct. Plaintiff is advancing the same claim and legal theory on behalf of herself and all absent Class members.

## FIRST CAUSE OF ACTION
### Breach of Contract

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. In connection with the sale or lease of the Class Vehicles, the Plaintiff entered into a written contract with the Defendant under which the Defendant agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the transmission and its components.

41. Plaintiff relied on Defendant's promise to repair the Class Vehicles within a reasonable time and without charge to the Plaintiff when they agreed to purchase or lease the Class Vehicles and Defendant's promise to repair was part of the basis of the bargain.

42. Plaintiff submitted their Vehicles to Defendant for the defects repair as referenced herein. However, Defendant failed to comply with the terms of such written contract it provided to the Plaintiff and each Class member, by failing and/or refusing to repair the defects as promised, and/or failing to repair the defects within a reasonable period of time.

43. Plaintiff have given Defendant reasonable opportunities to cure said defect, but Defendant has been unable and/or has refused to do so within a reasonable time.

44. Defendant's breach of the contract has resulted in material damages to Plaintiff.

45. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the contract, Plaintiff have suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of their vehicles, and a diminution in the value of the vehicles containing the defects identified herein.

## SECOND CAUSE OF ACTION
**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq.**

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3). 37. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

48. The Class Vehicles are each a "consumer product" as defined in 15 U.S.C. § 2301(6). 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with the written and implied warranties.

49. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the Class Vehicles within a reasonable time and without charge to the Plaintiff..

50. The Defendant's failure and/or refusal to repair the Class Vehicles' within the applicable warranty period constitutes a breach of the written and implied warranties applicable to the Class Vehicles.

51. Despite repeated demands, Defendant has failed to remedy the Class Vehicles' defects within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written and implied warranties applicable to the Class Vehicles.

52. As a result of Defendant's breaches of the written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff have suffered damages.

## THIRD CAUSE OF ACTION

**Breach of Express Warranty under North Carolina Code - General Statutes § 20-305.1. Automobile dealer warranty obligations**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. In connection with the sale or lease of the Class Vehicles to Plaintiff and Class members, Defendant provided Plaintiff with a New Vehicle Limited Warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the transmission and its components.

55. Plaintiff relied on Defendant's warranties when they agreed to purchase or lease the Class Vehicles and Defendant's warranties were part of the basis of the bargain.

56. Plaintiff submitted their Vehicles for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to each Class member, by failing and/or refusing to repair the subject defect under the vehicle's warranty as described herein.

57. Plaintiff has given Defendant reasonable opportunities to cure said defect, but Defendant has been unable and/or has refused to do so within a reasonable time.

58. As a result of said nonconformities, Plaintiff cannot reasonably rely on the Class Vehicles for the ordinary purpose of safe, reliable, comfortable, and efficient transportation

59. Plaintiff could not reasonably have discovered said nonconformities with the Class Vehicles prior to Plaintiff's acceptance of the Class Vehicles.

60. Plaintiff would not have purchased or leased the Class Vehicles, or would have paid less for the Class Vehicles, had they known, prior to their respective time of purchase or lease, that Class Vehicles contained the defects.

61. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of his vehicle, and a diminution in the value of the vehicles containing the defects identified herein.

## FOURTH CAUSE OF ACTION

**Breach of the Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq. and North Carolina Code - General Statutes § 20-305.1. Automobile dealer warranty obligations**

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Defendant is a merchant with respect to motor vehicles.

64. The Class Vehicles were subject to implied warranties of merchantability running from the Defendant to Plaintiff and Class members.

65. An implied warranty that the Class Vehicles were merchantable arose by operation of law as part of the sale or lease of the Class Vehicles.

66. Defendant breached the implied warranty of merchantability in that the Class Vehicles suffer from the defects referenced herein and thus were not in merchantable condition when Plaintiff purchased or leased the subject vehicles, or at any time thereafter, and the Class Vehicles are unfit for the ordinary purposes for which such vehicles are used.

67. As a result of Defendant's breach of the applicable implied warranties, owners and lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the defects, Plaintiff is harmed and suffered actual damages in that the Class Vehicles' defects is substantially certain to manifest itself before and after the expiration of applicable warranties.

68. Defendant's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for judgment against Defendant as follows:

a. An order approving revocation of acceptance of the Class Vehicles;

b. Money damages, in the form of a refund of the full contract price, including trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contracts;

c. Equitable relief including, but not limited to, replacement of the Class Vehicles with new vehicles, or repair of the defective Class Vehicles with an extension of the express warranties and service contracts which are or where applicable to the Class Vehicles, in the event that Plaintiff is not found to be entitled to revocation;

d. A declaration requiring Defendant to comply with the various provisions of the state and federal consumer protection statutes herein alleged and to make all the required disclosures;

e. Incidental and consequential damages;

f. Punitive damages;

g. Reasonable attorneys' fees and costs;

h. Pre-judgment and post-judgment interest, as provided by law;

i. Plaintiff demands that Defendant perform a recall, and repair all Class Vehicles; and

j. Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 16, 2022

                              Respectfully submitted,

                              By: /s/ Theodore Justice
                                  P.O. Box 253
                                  Manson, NC 27553

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  **Theodore Justice**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Theodore Justice, P.O. Box 253, Manson NC 27553
919-475-5204

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [x] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
17. Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq, Public Law ,North Carolina General Statutes § 20-305.1et seq

Brief description of cause:
refuse to honor and or repair vehicles under manufacturer warranty

## VII. REQUESTED IN COMPLAINT:

[x] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
09/16/2022

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____




FROM:
P. O. Box 253
Hanson NC 27553

RECEIVED
SEP 22 2022
CLERK'S OFFICE
U.S. DISTRICT COURT

TO:
United States District Court
Office of the Clerk
231 W Lafayette
5th floor
Detroit, MI 48226

U.S. MARSHALS

new case

EXPECTED DELIVERY DAY: 09/19/22
USPS TRACKING® #
9505 5136 6006 2259 5014 59

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

PS00001000014
EP14F May 2020
OD: 12 1/2 x 9 1/2