26

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
4:22-CV-12239

Theodore Justice,

     Plaintiff,

     v.

General Motors LLC,           **AMENDED COMPLAINT**
Boyd Automotive;
Maurice A. Boyd, President,
John McCurley, President/Owner,
Kirk Slaughter, Manager

     Defendants.



FILED
DEC 16 2022
CLERK'S OFFICE
DETROIT

Plaintiff, Theodore Justice, Pro Se', amends the complaint pursuant to Federal Rules of Civil

Procedure Rule 15(a) reflect the changes since filing this action brings the following complaint

against General Motors LLC, and alleges, on his own behalf and on behalf of all those similarly

situated, as follows:

## INTRODUCTION

As GM is responsible for the defects mention to in this complaint this complaint is an attempt to

sue for breach of warranty contract and warranty maintenance. Prior to filing of this complaint

the issues were as written in the original complaint, however it did not include Boyd

Automotive; Maurice A. Boyd, President, John McCurley, President/Owner, Kirk Slaughter,

Manager as the original complaint alludes to these defendants in paragraphs 4 through 68. The

issues complained of within the original complaint Boyd Automotive; Maurice A. Boyd,

President, John McCurley, President/Owner, Kirk Slaughter, Manager are being sued for breach

of contract in their individual and official capacities as can be seen the attached exhibits 1 and 2 the hate/ biased and prejudicially motivated responses. The defendants committed a new, independent contractual breach that was not settled or a part of any settlement releases post filing of this action 10/14/2022. Plaintiff signed a release GM will continue to honor the remaining terms of the New Vehicle Limited Warranty that GM issued for the subject vehicle not intial express warranty. The Defendants are bound and obligated to perform warranty work for the remaining three year and thirty six thousand miles and a refusal as in this case is violates the Magnuson Warranty Act, State of North Carolina Laws , and the term of the release.

Pursuant to Federal Rules of Civil Procedure Rule 15(a). Plaintiff can amend the complaint once without permission within 21 days of a motion to dismiss. In support of this response the Plaintiff offers the following:

1. Plaintiff desires to amend the complaint pursuant to Pursuant to Federal Rules of Civil Procedure Rule 15(a) and to clarify the issues surrounding the complaint by providing further details of the incidents leading to this complaint.

The questions asked are detailed within paragraphs below

1. Plaintiff, Theodore Justice ("Plaintiff" or "Mr. Justice") brings this lawsuit on his own behalf and on behalf of a proposed class of past and present United States owners and lessees of defective 2017-2021 GMC Silverado or Sierra vehicles (the "Class Vehicles") designed, manufactured, marketed, distributed, sold, warranted, and serviced by General Motors LLC ("GM" or "Defendant").

3

2. The Class Vehicle contains several defects whereby the vehicles fail to correct below at described paragraphs 9, 11, 12, 13, 14 and 15.

3. Plaintiff has given GM a reasonable opportunity to cure defects but GM has been unable to do so within a reasonable period of time.

4. Defendants conduct is in breach of contract, in breach of express and implied warranties, and in breach of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., Public Law ,North Carolina General Statutes § 20-305.1et seq,  GM has and will continue to benefit from its unlawful conduct – by selling and leasing more vehicles, at a higher price, and avoiding warranty obligations – while consumers are harmed at the point of sale as their vehicles suffer from the defects which GM cannot fix. Had Plaintiff and other proposed class members known about the defect at the time of purchase or lease, they would not have bought or leased the Class Vehicles, or would have paid substantially less for them.

5. To remedy Defendant's unlawful conduct, Plaintiff, on behalf of proposed class members, seeks damages and restitution from Defendants, as well as notification to class members about the defects.

6. Theodore Justice is suing Defendants for breach of warranty and knowingly producing and selling  inferior vehicles that it knew it had defects and refusing to work on the vehicle. State and Federal Statue ought to protect consumers from such products that are found to be unsafe; however the defendant and its car dealerships are partners.  Many of these vehicles are unsafe and a hazard to operate on public roads, as well as decrease in value.  The defendant's customer service is, very poor conceivably due to hiring the

wrong people, lack of training, employee burnout, misunderstanding customer expectations, no oversight, prejudice and/or lack of employee engagement.

7. The <u>defendant and its car dealerships are partners</u>.  The defendant is not equipped to sell and distribute their vehicles to the masses and such the dealership partners with the defendant regarding sales services the vehicle under the supervision of the defendant manufacturers' warranties, also known as factory warranties and new vehicle warranties protect car owners against mechanical and workmanship defects. This coverage expires once you reach the mileage or age limit specified by the manufacturer. Basically, it's the car maker's guarantee that you won't have to worry about any major problems after buying a new car — for a certain amount of time.

## <u>WARRANTY</u>

8. Chevrolet includes with its entire new vehicle a manufacture warranty. Manufacturers' warranties are included in the price of new vehicles.

9. Manufacturers' warranties, also known as factory warranties and new vehicle limited warranties protect car owners against mechanical and workmanship defects. This coverage expires once you reach the mileage or age limit specified by the manufacturer. Basically, it's the car maker's guarantee that you won't have to worry about any major problems after buying a new car — for a certain amount of time. <u>Manufacturers' warranties are included in the price of new cars</u>.

10. The factory warranty included:

- **Bumper-to-bumper warranty:** Sometimes called "new vehicle limited warranties," these <u>cover most parts and systems in your car</u> but not all. Routine maintenance and any issues caused by wear and tear are not covered. The length of your warranty depends on your vehicle, but most last three years or 36,000 miles.

- **Powertrain limited warranty:** A <u>powertrain warranty</u> covers your vehicle's engine, <u>transmission</u>, drive shaft, differential(s) and other parts of the <u>drivetrain</u> (parts that deliver power to the wheels). Powertrain limited warranties generally last for either five years or 60,000 miles.

- **Lifetime limited parts warranty:** A limited parts warranty guarantees that a manufacturer will cover repairs or replacements for specific parts over the lifetime of the vehicle. Qualifying parts are determined by the manufacturer. This type of warranty does not cover normal wear and tear.

- **Emissions warranty:** Automakers are legally required to offer emissions coverage for at least two years or 24,000 miles. Some parts must be covered for up to eight years or 80,000 miles. The manufacturer will take care of the needed repairs if the car fails an emissions inspection, provided certain other conditions are met.

- **Corrosion warranty:** This type of warranty covers the car's sheet metal and body panels in case there is corrosion or rust damage.


11. When I attempted to contact this employee supervisor via Better Business Bureau complaint the <u>car dealership with obvious hostility and total disregard</u> as can be seen by its response. The defendant falsely accused plaintiff consumer and is not supported by the facts. The defendant misdirected the request to speak with a supervisor claiming plaintiff

was an aggressor and banned plaintiff wrongfully from the premises. The defendant responses to the BBB complaint did not reply with any to the complaint as to advise who the belligerent supervisor employee is. The responses were very negative, hostile and false. Plaintiff never said anything disrespectful to any employee at any time; and during discovery plaintiff will request documentation, depose witnessed and conduct interrogatories.

12. Plaintiff returned the vehicle for repairs the car dealership on average of 2 the three times a week and visited the car dealership approximately 65 to 90 times since January 2021 regarding the multitude of issues. Plaintiff has spoken with the technicians, customer service, salesman and customers we laughed talked and some even shared their children's pictures and their vehicles.

.

## COMPLAINT

13. The defendant has failed or refused to honor its factory warranty as described (The issues include); below complaint the vehicle purchased new January 2021 five miles on the odometer with unknown multiple issues.

### The issues include:

1.  Backup camera grid lines dim can barely see not like before computer was replaced
2.  Backup grid will not display unless button engaged

3.     OnStar Turn-by-Turn Navigation directions center screen locks, press button to dismiss button not working. It will not return to MPH even after reached designation. Must turn off vehicle

4.     Ventilated Seats not blowing through passenger or drivers side blows through  seat but through back only

5.     Heated seats heating intermittently the seat heats back only

6.     Back up camera will not adjust to two times magnification at tongue/trailer ball

7.     Transmission jerking into gear from park intermittently

8.     Trailer lights flashing when vehicle is off

9.     Lane Assist error message not available

10.    Lane Keep Assist not working

11.    Pedestrian Ahead Indicator will not remain activated

12.    Alternator intermittently not  charging 14.8 then to 13.1  battery went dead twice

13.    Slipping from 1st to 2nd gear intermittently

14.    Clunk and harshly engaging upshifting down shifting at round 10 to 20 mph intermittently

15.    INNER FENDER LINER becoming detached possible factory defect.

16.    Phillip Head Short Screw from last inspection. Found drivers side front cup holder possibly left out from the INNER FENDER LINER

17.    Inside passenger moldings scratched

18.    Gas tank door broken

19.    Passenger front tire pin hole

20.    Trailer hitch module

21.    ENGINE CONTROL MODULE

22.    Dent Passenger side front fender

23.    Sirius XM would not receive signal or update

24.    Key Fob inside truck lock outs

25.    Front End Wheel Alignment x 2

## DEFENDANT FACTORY WARRANTY  OBLIGATION

14. Defendant controls execution of all warranty repairs by its dealers, as it provides training, materials, special tools, diagnostic software, and replacement parts to its dealers, and demands that the warranty repairs be performed in a strict accordance with its repair guidelines, Technical Service Bulletins, and other instructions.

15. In return, defendant pays its authorized dealerships a monetary compensation for such warranty repairs.

16. Therefore, defendant's authorized dealers are its agents for purpose of vehicle repairs, and knowledge of a defect reported to any such dealer can be imputed to defendant.

17. Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq, Public Law ,North Carolina General Statutes § 20-305.1et seq  all automobile dealers are obligated and may not refuse to repair vehicles under manufacturer warranty.

18. The defendant refused to repair or replace the vehicle and made false or misleading statements to make it appear that I was violent and/or aggressive so as to not perform the warranty work on my vehicle.

19. The law requires the defendant to make a final repair attempt but what is if the defendant refuses to make the final repair attempt?

## II. JURISDICTION AND VENUE

20. This action is properly before this Court and this Court has subject matter jurisdiction over this action under the Class Action Fairness Act. At least one member of the proposed class is a citizen of a different state than GM, the number of proposed class members exceeds 100, and the amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interests and costs. 28 U.S.C. § 1332(d)(2)(A).

21. In addition, under 28 U.S.C. § 1367, this Court may exercise supplemental jurisdiction over the state law claims as well as the Magnuson-Moss Warranty Act claims, because all of the claims are derived from a common nucleus of operative facts and are such that Plaintiffs would ordinarily expect to try them in one judicial proceeding.

22. This Court has personal jurisdiction over Defendant because its principal place of business is in the State of Michigan; it has consented to jurisdiction by registering to conduct business in the state; maintains sufficient minimum contacts in Michigan; and otherwise intentionally avails itself of the markets within Michigan through promotion,

sale, marketing and distribution of its vehicles, which renders the exercise of jurisdiction by this Court proper and necessary as GM is "at home" in Michigan.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)-(c). A substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiffs may properly sue GM in this District, the state of Defendants principal place of business.

24. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff presents a claim under the federal Magnuson Moss Warranty Act, 15 U.S.C. § 2301, et seq. As to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

### III.    PARTIES

25. Plaintiff Theodore Justice resides in North Carolina for about 48 years an adult and a citizen of North Carolina

26. Defendant General Motors LLC is a Delaware limited liability company with its principal place of business located at 300 Renaissance Center, Detroit, Michigan. General Motors LLC is registered to do business in the State of Delaware. The sole member and owner of General Motors LLC is General Motors Holdings LLC.

27. General Motors Holdings LLC is a Delaware limited liability company with its principal place of business in the State of Michigan. General Motors Holdings LLC's only member is General Motor Company, a Delaware corporation with its principal place of business in the State of Michigan. General Motors Company has 100% ownership interest in General Motors Holdings LLC. General Motor Company also owns ACDelco, a company which

11

makes parts for GM vehicles to be used when the vehicles are manufactured and also to be sold to the public when those parts require repair.

28. General Motors LLC, through its various entities, designs, manufactures, markets, distributes, services, repairs, sells, and leases passenger vehicles, including the Class Vehicles, nationwide and in Delaware. General Motors LLC is the warrantor and distributor of the Class Vehicles in the United States.

29. At all relevant times, Defendant was and is engaged in the business of designing, manufacturing, constructing, assembling, marketing, distributing, and selling automobiles and motor vehicle components in Delaware and throughout the United States of America.

30. In order to sell vehicles to the general public, GM enters into agreements with dealerships who are then authorized to sell GM-branded vehicles such as the Class Vehicles to consumers such as Plaintiffs. In return for the exclusive right to sell new GM-branded vehicles in a geographic area, authorized dealerships are also permitted to service and repair these vehicles under the warranties GM provides directly to consumers. These contracts give GM a significant amount of control over the actions of the dealerships, including sales and marketing of vehicles and parts for those vehicles. All service and repair at an authorized dealership are also completed according to Defendants explicit instructions, issued through service manuals, technical service bulletins ("TSBs"), preliminary information bulletins ("PIs"), information service bulletins, and other documents, often only referred to by a "Document ID." Per the agreements between GM and the authorized dealers, consumers such as Plaintiffs can receive services under Defendants issued warranties at dealer locations that are convenient to them.

31. GM also develops and disseminates the owners' manual, warranty booklets, maintenance schedules, advertisements, and other promotional materials relating to the Class Vehicles. GM is also responsible for the production and content of the information on the Monroney Stickers.

32. GM is the drafter of the warranties it provides to consumers nationwide, the terms of which unreasonably favor GM. Consumers are not given a meaningful choice in the terms of the warranties provided by GM, and those warranties are offered on a "take it or leave it" basis.

33. Defendant Boyd Automotive, is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the United States and  State of North Carolina, with its principal place of business in North Carolina in Granville County, North Carolina. It is sued in its individual and official capacity

34. Defendant Maurice A. Boyd, is now, and at all times mentioned in this complaint was, President Boyd Automotive, with its principal place of business in North Carolina in Granville County, North Carolina. It is sued in its individual and official capacity

35. Defendant John McCurley, is now, and at all times mentioned in this complaint was, an owner Boyd Automotive with its principal place of business in North Carolina in Granville County, North Carolina. He  is sued in his individual and official capacity

36. Defendant Kirk Sauer, is now, and at all times mentioned in this complaint was, manager employed Boyd Automotive with its principal place of business in North Carolina in Granville County, North Carolina. He  is sued in his individual and official capacity

13

## CLASS ACTION ALLEGATIONS

### A. The Class

34. Plaintiff brings this case as a class action on behalf of himself and a class of North Carolina residents pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3).

**North Carolina Class:** All persons or entities in North Carolina who bought or leased a 2017-2022 Silverado or Sierra (the "North Carolina Class" or the "Class").

35. Defendant and its employees or agents are excluded from the Class.

### B. Numerosity

36. Upon information and belief, the North Carolina Class is so numerous that joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiff only through the discovery process, Plaintiff believes, and on that basis alleges, that tens of thousands of Class Vehicles have been sold and leased in North Carolina and throughout the United States.

### C. Common Questions of Law and Fact

37. There are questions of law and fact common to the Class that predominates over any questions affecting only individual Class members. These questions include:

a. Whether the Class Vehicles were sold with a defective transmission;

14

b. Whether the Class Vehicles were sold with its many defects;

c. Whether the Class Vehicles were sold with defects;

d. Whether Defendant knew about the above-described defect but failed to disclose the problem and its consequences to its customers;

e. Whether Defendant breached its contract when it failed to  attempt repair and/or  provide service the defect with the transmission gear shifter;

f. Whether Defendant breached express warranties and MMWA when it failed  attempt to repair and or provide service the defect with the transmission gear shifter;

g. Whether Defendant breached implied warranties and MMWA when it sold vehicles that contain defect with its transmission gear shifter;

h. Whether Defendant is liable for damages, and the amount of such damages;

i. Whether Defendant should be required to disclose the existence of the defect; and

j. Whether Plaintiff are entitled to equitable relief including injunctive relief.

k. Whether this complaint facts support a finding that the defendants committed a new, independent contractual breach

## D. Typicality

38. The Plaintiff's claims are typical of the claims of the Class since Plaintiff purchased a defective Class Vehicle, as did each member of the Class. Furthermore, Plaintiff and all members of the Class sustained economic injuries arising out of Defendant's wrongful conduct.

15

Plaintiff is advancing the same claim and legal theory on behalf of herself and all absent Class members.

## FIRST CAUSE OF ACTION
### Breach of Contract

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. In connection with the sale or lease of the Class Vehicles, the Plaintiff entered into a written contract with the Defendant under which the Defendant agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the transmission and its components.

41. Plaintiff relied on Defendant's promise to repair the Class Vehicles within a reasonable time and without charge to the Plaintiff when they agreed to purchase or lease the Class Vehicles and Defendant's promise to repair was part of the basis of the bargain.

42. Plaintiff submitted their Vehicles to Defendant for the defects repair as referenced herein. However, Defendant failed to comply with the terms of such written contract it provided to the Plaintiff and each Class member, by failing and/or refusing to repair the defects as promised, and/or failing to repair the defects within a reasonable period of time.

43. Plaintiff have given Defendant reasonable opportunities to cure said defect, but Defendant has been unable and/or has refused to do so within a reasonable time.

44. Defendant's breach of the contract has resulted in material damages to Plaintiff.

16

45. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the contract, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of their vehicles, and a diminution in the value of the vehicles containing the defects identified herein.

## SECOND CAUSE OF ACTION

**Breach of Warranty Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq.**

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3). 37. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4) and (5).

48. The Class Vehicles are each a "consumer product" as defined in 15 U.S.C. § 2301(6). 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with the written and implied warranties.

49. 15 U.S.C. § 2304(a)(1) requires Defendants, as a warrantor, to remedy any defect, malfunction or nonconformance of the Class Vehicles within a reasonable time and without charge to the Plaintiff..

50. The Defendant's failure and/or refusal to repair the Class Vehicles' within the applicable warranty period constitutes a breach of the written and implied warranties applicable to the Class Vehicles.

51. Despite repeated demands, Defendant has failed to remedy the Class Vehicles' defects within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written and implied warranties applicable to the Class Vehicles.

52. As a result of Defendant's breaches of the written and implied warranties, and Defendant's failure to remedy the same within a reasonable time, Plaintiff have suffered damages.

## THIRD CAUSE OF ACTION

**Breach of Express Warranty under North Carolina Code - General Statutes § 20-305.1. Automobile dealer warranty obligations**

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. In connection with the sale or lease of the Class Vehicles to Plaintiff and Class members, Defendant provided Plaintiff with a New Vehicle Limited Warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance, including the transmission and its components.

55. Plaintiff relied on Defendant's warranties when they agreed to purchase or lease the Class Vehicles and Defendant's warranties were part of the basis of the bargain.

56. Plaintiff submitted their Vehicles for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to each Class member, by failing and/or refusing to repair the subject defect under the vehicle's warranty as described herein.

18

57. Plaintiff has given Defendant reasonable opportunities to cure said defect, but Defendant has been unable and/or has refused to do so within a reasonable time.

58. As a result of said nonconformities, Plaintiff cannot reasonably rely on the Class Vehicles for the ordinary purpose of safe, reliable, comfortable, and efficient transportation

59. Plaintiff could not reasonably have discovered said nonconformities with the Class Vehicles prior to Plaintiff's acceptance of the Class Vehicles.

60. Plaintiff would not have purchased or leased the Class Vehicles, or would have paid less for the Class Vehicles, had they known, prior to their respective time of purchase or lease, that Class Vehicles contained the defects.

61. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of his vehicle, and a diminution in the value of the vehicles containing the defects identified herein.

## FOURTH CAUSE OF ACTION

**Breach of the Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §2301, et seq. and North Carolina Code - General Statutes § 20-305.1. Automobile dealer warranty obligations**

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. Defendant is a merchant with respect to motor vehicles.

64. The Class Vehicles were subject to implied warranties of merchantability running from the Defendant to Plaintiff and Class members.

19

65. An implied warranty that the Class Vehicles were merchantable arose by operation of law as part of the sale or lease of the Class Vehicles.

66. Defendant breached the implied warranty of merchantability in that the Class Vehicles suffer from the defects referenced herein and thus were not in merchantable condition when Plaintiff purchased or leased the subject vehicles, or at any time thereafter, and the Class Vehicles are unfit for the ordinary purposes for which such vehicles are used.

67. As a result of Defendant's breach of the applicable implied warranties, owners and lessees of the Class Vehicles suffered an ascertainable loss of money, property, and/or value of their Class Vehicles. Additionally, as a result of the defects, Plaintiff is harmed and suffered actual damages in that the Class Vehicles' defects is substantially certain to manifest itself before and after the expiration of applicable warranties.

68. Defendant's actions, as complained of herein, breached the implied warranty that the Class Vehicles were of merchantable quality and fit for such use.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, pray for judgment against Defendant as follows:

a. An order approving revocation of acceptance of the Class Vehicles;

b. Money damages, in the form of a refund of the full contract price, including trade-in allowance, taxes, fees, insurance premiums, interest, and costs, and a refund of all payments made by Plaintiff on the subject contracts;

20

c. Equitable relief including, but not limited to, replacement of the Class Vehicles with new vehicles, or repair of the defective Class Vehicles with an extension of the express warranties and service contracts which are or where applicable to the Class Vehicles, in the event that Plaintiff is not found to be entitled to revocation;

d. A declaration requiring Defendant to comply with the various provisions of the state and federal consumer protection statutes herein alleged and to make all the required disclosures;

e. Incidental and consequential damages;

f. Punitive damages;

g. Reasonable attorneys' fees and costs;

h. Pre-judgment and post-judgment interest, as provided by law;

i. Plaintiff demands that Defendant perform a recall, and repair all Class Vehicles; and

j. Such other and further relief as this Court deems just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 12,2022

Respectfully submitted,

By: /s/ Theodore Justice
P.O. Box 253
Manson, NC 27553

21

Boyd Automotive | Complaints | Better Business Bureau® Profile

 Better Business Bureau®



**Boyd Automotive**
New Car Dealers



### Need to file a complaint?
BBB is here to help. We'll guide you through the process.

File a Complaint

Note that complaint text that is displayed might not represent all complaints filed with BBB — some consumers may elect to not publish the details of their complaints, some complaints may not meet BBB's standards for publication, or BBB may display a portion of complaints when a high volume is received for a particular business.

## 3 Complaints

**Complaint Type:** Problems with Product/Service    **Status:** Answered

07/19/2022

I have had a few issues with this dealership with this 2021 Silverado purchased new February 2022. The service manager KS told me today July 19,2022 It was 8 o'clock and he did not want to hear my crap when I asked he why he did not call me back yesterday regarding scheduling a warranty repair appointment. I was not disrespectful to him and this is not the first time he has been disrespectful speaking to me. I have searched for a person to speak to about KS who is either the owner or someone his superior.

08/02/2022

**Business Response**

Even after multiple episodes of contentious interactions with this customer, Boyd Chevrolet Buick GMC attempted once again to provide service to this customer. However, as has historically been the case with this customer, he approached the Service Manager with disrespect and in an aggressive and improper way. While multiple attempts have been made to interact with this customer in a polite and professional manner, this customer refuses to reciprocate with calm and respectful behavior. Boyd Chevrolet Buick GMC will no longer work with this customer and hopes that he can find a service experience conducive to his needs.

# Exhibit 1

**Customer Response**                                                08/02/2022

Complaint: ********

I am rejecting this response because:This is no true I have never been respectful to anyone there. I have been disrespected by the service manager and I complain about it and they make it seem like it's me with the attitude. I am sorry Boyd responded and decided not to service the vehicle I purchased from there.

Sincerely,

******** *******

**Complaint Type:** Problems with Product/Service     **Status:** Answered

11/13/2020

bought this car from Boyd in oxford in Oct 2018 and has been in and of this dealership for multiple repairs. Now this car has major problem and **** service manager told it's not his problem and it's out of warranty. I believe that this dealership sold me lemon car. I was told this car had new tires than later I find out it only has two new ones. Than the car key fobs don't work and when I take it in for that and noise in dash, I was told it's the radio and they change the radio and reprogram the key fobs and car wouldn't start. I was told than the battery was dead and need a new one. Also low beam headlight out. Also found glass in back dash from where the car was in a car accident and the cover that up and had a friend tell us that who works at a body shop. Car had 60049 when I got it and only had roughly 88000 and has engine light on for power train services needed. Which shouldn't be. I proof that no new battery was place.

Boyd Automotive | Complaints | Better Business Bureau® Profile

# Exhibit 1 11/23/2020

## Business Response

Business Response /* (1000, 5, 2020/11/16) */ We are sorry to hear that Mrs.******* is not happy with her purchase. As with all pre owned vehicles we sell, the 2007 ******** Mrs.******* purchased went through a preowned vehicle inspection and items that would have prevented the vehicle from passing a North Carolina state inspection were repaired to bring them into compliance. The vehicle was clear of any accidents per *****x and was placed for sale "As Is". The vehicle was sold to the******* family on 10/31/2018, the vehicle was out of manufacturer's warranty at the time of sale as it was 11 years old, at no time were any warranties implied or promised during the sale, Mrs******* returned on 11/21/2018 with customer concerns of the remote start not working and the rear speakers not working. Although the vehicle was sold "As Is", as a gesture of goodwill our dealership made repairs to correct the issues with the remote start system as well as the radio. We have also absorbed costs associated with other service visits where Mrs******* had concerns with the vehicle, again in a gesture of goodwill. At this time Mrs.******* has owned the vehicle for over two years and driven it around 28000 miles, it is 13 years old and was sold "As Is", but any issues that arise with the vehicle leads to Mrs.******* contacting the dealership with expectations of warranty or dealer paid coverage. We feel we have gone above and beyond industry standards by covering the cost of multiple repairs in an effort to keep Mrs.******* satisfied. At this time we have nothing further to offer. Consumer Response /* (3000, 7, 2020/11/17) */ I was also told by ****, he drives around his vehicle with the same problem and I should be find and his vehicle has 200,000 miles. I feel like the dealership took advantage of me because I was a woman and try to put this lemon of a car on me. Yes all the problems the fix because they didnt want to take the car back. Also I had to pay for a tire sensor that was put in a old tire that I was told was a new tire too. Business Response /* (4000, 9, 2020/11/17) */ Again, we are sorry to hear Mrs.******* is not happy with her purchase. To clarify, the point I intended to make to Mrs.******* is; at some point all vehicles will encounter some form of failure and/or will require maintenance. I used my personal ownership of an older vehicle as an example, to which Mrs.******* is referencing, and explained any cost of making repairs are the responsibility of the owner. Mrs.*******'s accusations of being taken advantage of are far from factual and the vehicle was actually purchased by Mr.******* per our records. We have over extended gestures of goodwill attempting to satisfy Mrs.******* and it's clear that it's been unsuccessful. We have upheld all of our obligations, both legally and morally, and wish Mrs.******* the best moving forward.

Complaint Type: Problems with Product/Service     Status: Answered

02/03/2020

*** Service Manager refused warranty service Oxford ******* Boyd My vehicle 14k and under *** warranty. The service manager refuse to inspect the vehicle for repairs. He said he did not want to have anything to do with this vehicle. *** backs

8/31/22, 6:01 PM

Boyd Automotive | Complaints | Better Business Bureau® Profile

your new vehicle with its no-deductible Bumper-to-Bumper Limited Warranty. The entire vehicle is warranted for repairs, including parts and labor, to correct any defect in materials or workmanship, for 3 years or 36,000 miles, whichever comes first (except normal maintenance). Just suppose all dealerships could pick and choose the warranty vehicle they wanted to work on.

# Exhibit 1

02/27/2020

## Business Response

Business Response /* (1000, 8, 2020/02/18) */ CUSTOMER BROUGHT VEHICLE IN TO BE CHECKED FOR TRANS JERKING GOING UP HILLS, JOB CARD ******, DATED 1-28-2020, HAD VEHICLE CHECKED AND COULD NOT VERIFY ANY CONCERN WITH VEHICLE AT PRESENT TIME, TRANSMISSION OPERATING PER ** SPECS AT TIME OF VEHICLE BROUGHT IN FOR SERVICE, WE CHECKED VEHICLE PER ** DIAGNOSTIC PROCEDURE ALL PERFORMING PER ** SPECS Consumer Response /* (3000, 10, 2020/02/19) */ The Henderson Boyd Chevrolet did check my vehicle which this complaint is not addressed to It is addressed to the Oxford Boyd *** dealership 1***************************************, I would like a response from this dealership. I am aware that *********** Boyd owns both dealerships and he should be made aware of the prejudiced service manager at his Oxford Store. Business Response /* (4000, 12, 2020/02/25) */ We have assisted this customer on multiple occasions previously. Each time the customer expressed his displeasure and dissatisfaction in a contentious manner. Wishing to have no further conflict with this customer, we expressed to *** that perhaps the customer would be happier with service elsewhere, and that we wished no further contact with the customer. We are always happy to perform work on customers' vehicles, whether it is warrantied or customer pay. However, we will not continue to work with a customer that has been consistently discourteous and prone to conflict.

## Contact Information

📍 1025 Martin Luther King Jr Ave
Oxford, NC 27565-3657

🌐 http://www.boydauto.com

📞 (919) 693-7196

## BBB Rating & Accreditation

# A+



**Josh Stein**
**Attorney General**

**State of North Carolina**
Department of Justice

CONSUMER PROTECTION
TOLL-FREE IN NC: (877) 566-7226
OUTSIDE OF NC: (919) 716-6000
FAX: (919) 716-6050

November 09, 2022

Theodore Justice
PO Box 253
Manson, NC 27553-0253
ajust222@yahoo.com

Re: File No. CP-22-13625

# Exhibit 2

Dear Mr. Justice:

This letter is in reference to the complaint you filed with the Consumer Protection Division concerning Boyd Chevrolet Buick GMC. Unfortunately, this business has failed to respond to our letters requesting a statement of their position regarding this matter or to cooperate in attempting to resolve it. We regret that the company failed to respond to your complaint.

When a private legal dispute exists between two parties, we may request their cooperation in arriving at a solution, as we have done with your complaint. However, we cannot dictate to either party how a complaint will be resolved. Some complaints, such as complaints that involve disputes of fact or contractual disputes, can only be resolved by the courts.

Although we try to assist all consumers, the fact that we were not able to assist you does not mean your complaint is invalid. If you wish to pursue this matter further, you may want to consider consulting with a private attorney or filing an action in Small Claims Court, if appropriate.

While we were unable to help you resolve your complaint, we do want to thank you for taking the time to contact our office. Each complaint remains a part of our files and may be useful to other consumers. It will also help us monitor questionable business practices and set enforcement and legislative priorities.

If you have any questions please do not hesitate to contact us.

Sincerely,
Nathan G. Drosopoulos
Consumer Protection Specialist
CONSUMER PROTECTION DIVISION

Attachment(s)

Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL




*UNITED STATES POSTAL SERVICE®*

**PRIORITY MAIL**

- Expected delivery date specified for domestic use.
- Most domestic shipments include up to $50 of insurance (restrictions apply).**
- USPS Tracking® included for domestic and many international destinations.
- Limited international insurance.**
- When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.
** See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

**TRACKED ■ INSURED**



EP14F May 2020
OD: 12 1/2 x 9 1/2

PS00001000014

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

---



UNITED STATES POSTAL SERVICE®

**Click-N-Ship®**

9405 5036 9930 0421 0906 27 0099 0001 0844 8226

US POSTAGE PAID
$9.90
US POSTAGE
*Flat Rate Env

12/12/2022          Mailed from 27555   066773453034217

**PRIORITY MAIL®**

Expected Delivery Date: 12/14/22   0 lb 2.20 oz 20729
                                   0000

C052

THEODORE JUSTICE
PO BOX 253
MARION NC 27553-0253

UNITED STATES DISTRICT COURT OFFICE OF
231 W LAFAYETTE BLVD # 5
DETROIT MI 48226-2700

**USPS TRACKING #**



9405 5036 9930 0421 0906 27

Electronic Rate Approved #038555749